**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

GUSTAVO NAVAS, an individual,

    Plaintiff,

vs.

RUBEN RODRIGUEZ, an individual, **COMPLAINT**
SANTANA & SANTANA CUSTOM
WOODWORK, LLC, a Florida limited liability
company, ARQUIDEK 3, LLC, a Florida
limited liability company, and LUIS
RODRIGUEZ SANTANA, an individual,

    Defendants.
_____/

**COMPLAINT**

    COMES NOW Plaintiff GUSTAVO NAVAS ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants RUBEN RODRIGUEZ ("Rodriguez"), an individual, SANTANA & SANTANA CUSTOM WOODWORK, LLC ("S&S Custom"), a Florida limited liability company, ARQUIDEK 3, LLC ("Arquidek 3"), a Florida limited liability company, and LUIS RODRIGUEZ SANTANA ("Santana"), an individual (Rodriguez, S&S Custom, Arquidek 3, and Santana collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties") for unpaid minimum wages, unpaid overtime wages, liquidated damages, return of wrongful expenses incurred by Plaintiff, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

1

## I.   NATURE OF THE CASE

1. Plaintiff worked as a carpenter for Defendants, who were joint employers, from approximately December, 2018 to mid-August, 2021. Plaintiff was a non-exempt employee. For some weeks he was paid as an employee and for other weeks he was misclassified as an independent contractor.

2. Plaintiff was paid by more than one entity although he worked the same job for the entirety of the relevant time period.

3. Plaintiff was not paid for all hours worked and owed.

4. Plaintiff was also not paid at the overtime rate for hours worked over forty in the workweek.

5. Plaintiff regularly worked in excess of forty hours per workweek.

6. This action seeks payment of unpaid minimum and overtimes wages, along with costs Plaintiff was wrongfully forced to pay because of his misclassification and Defendants' requirements.

7. By knowledge and belief, Defendants did not pay overtime wages with other employees.

## II.   JURISDICTION AND VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because most wages were earned and due to be paid in this District; because Defendants' principal address is situated in this District; because Plaintiff and Defendants reside in this District; and because most, if not all, of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims.

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

### III. PARTIES

10. Plaintiff Navas is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

11. Defendant SANTANA & SANTANA CUSTOM WOODWORK, LLC ("S&S Custom") is a Florida limited liability company that is owned by Rodriguez and Santana, at which Plaintiff worked, located in Miami-Dade County, Florida.

12. Defendant ARQUIDEK 3, LLC ("Arquidek 3") is a Florida limited liability company that is owned by Rodriguez and Santana, at which Plaintiff worked, located in Miami-Dade County, Florida.

13. Defendant Rodriguez, an individual and *sui juris*, was an owner and manager of S&S Custom and Arquidek 3 and an employer of Plaintiff. Rodriguez acted directly and indirectly in the interest of S&S Custom and Arquidek 3. Rodriguez managed the company's business and had the power to direct employees' actions.  Rodriguez had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the company's business in accordance with the FLSA, making Defendant Rodriguez an employer pursuant to 29 USC § 203(d).

14. Defendant Santana, an individual and *sui juris*, was an owner and manager of S&S Custom and Arquidek 3and employer of Plaintiff. Santana acted directly and indirectly in the interest of S&S Custom and Arquidek 3. Santana managed the company's business and had the power to direct employees' actions.  Santana had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to

3

exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the company's business in accordance with the FLSA, making Defendant Santana an employer pursuant to 29 USC § 203(d).

### IV. COVERAGE

15. During all material times, Defendant S&S Custom was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. During all material times, Defendant S&S Custom was an employer as defined by 29 U.S.C. § 203(d).

17. During all material times, Defendant Arquidek 3 was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. During all material times, Defendant Arquidek 3 was an employer as defined by 29 U.S.C. § 203(d).

19. During all material times, Defendant Rodriguez was an employer as defined by 29 U.S.C. § 203(d).

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

20. During all material times, Defendant Santana was an employer as defined by 29 U.S.C. § 203(d).

21. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

22. During all material times, Defendant S&S Custom has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. During all material times, Defendant Arquidek 3 has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. During all material times, Defendants employed two or more people.

### V.     FACTUAL ALLEGATIONS

25. During the relevant time period for this claim, Defendants have operated the company known at various times as Santana & Santana Custom Woodwork, LLC, Arquidek 3, LLC, Haus Remodeling, and Cornerstone, located at 9791 N.W. 91st Court, Medley, Florida.

26. Plaintiff worked for Defendants from approximately December, 2018 to mid-August, 2021.

27. As the maximum statutory time limit under the FLSA is three years, the relevant time period will cover the period from December, 2018 to the end of Plaintiff's employment.

28. The applicable overtime wage was one-and-a-half times Plaintiff's regular rate of pay throughout the relevant time period.

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

29. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day workweek.

30. Throughout the relevant time period, Defendants paid Plaintiff partly as an employee and partly as an independent contractor.

31. Throughout the relevant time period, Defendants paid Plaintiff through different entities in order to evade paying overtime pay.

32. By knowledge and belief, it is Defendants' practice to pay their employees at their regular rate of pay for overtime hours, in violation of the law.

33. Although an employee, Plaintiff was required to pay for impermissible expenses.

34. Plaintiff was also not paid for all hours worked and owed for one or more weeks.

35. The Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

36. As a result of suffering or permitting Plaintiff to work unpaid hours, and overtime hours while paying him below the legal overtime wage rate, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the relevant time period and must therefore pay Plaintiff the applicable overtime wage for each hour worked.

37. Defendants knew or showed reckless disregard as to whether Defendants' policies concerning Plaintiff's overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable overtime wage and thus owe Plaintiff statutory liquidated damages.

38. Defendants knew or showed reckless disregard as to whether Defendants' policies of not paying Plaintiff for all hours worked were legal under the FLSA, thus they willfully engaged

6

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

in practices that denied Plaintiff the applicable minimum and overtime wage and thus owe Plaintiff statutory liquidated damages.

39. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

41. Defendants employed Plaintiff during the statutory time period.

42. Defendants suffered or permitted Plaintiff to regularly work overtime hours in excess of forty per workweek.

43. Defendants regularly paid Plaintiff below the statutory overtime wage rate for his overtime hours worked.

44. Defendants' actions in paying Plaintiff below the lawful overtime wage rate were willful.

45. By suffering or permitting Plaintiff to work overtime hours while paying him below the statutory overtime rate, Defendants owe Plaintiff all unpaid overtime wages.

46. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff GUSTAVO NAVAS demands judgment in his favor and against Defendants RUBEN RODRIGUEZ, SANTANA & SANTANA CUSTOM WOODWORK, LLC, ARQUIDEK 3, LLC, and LUIS RODRIGUEZ SANTANA, jointly and severally, as follows:

a) For overtime hours worked in excess of forty per workweek, award to Plaintiff unpaid overtime wages at the rate of one-and-a-half times his regular rate of pay;

7

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

b) Award to Plaintiff liquidated damages equal to his unpaid overtime wages at the rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff of all wrongful expenses incurred because of Defendants' misclassification and policies;

d) Award to Plaintiff reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

47. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

48. Defendants employed Plaintiff during the statutory time period.

49. Defendants regularly suffered or permitted Plaintiff to work compensable hours without pay.

50. Defendants regularly suffered or permitted Plaintiff to work off-the-clock at the beginning and/or end of his shifts.

51. Defendants knew or showed reckless regard for whether their actions complied with the Fair Labor Standards Act.

52. By suffering or permitting Plaintiff to work compensable hours without pay, Defendants owe Plaintiff the full applicable Florida minimum wage for all unpaid hours up to forty per workweek.

53. As a direct and proximate result of suffering or permitting Plaintiff to work hours without pay, Plaintiff has been damaged for one or more weeks of work with Defendants.

8

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

WHEREFORE, Plaintiff GUSTAVO NAVAS demands judgment in his favor and against Defendants RUBEN RODRIGUEZ, SANTANA & SANTANA CUSTOM WOODWORK, LLC, ARQUIDEK 3, LLC, and LUIS RODRIGUEZ SANTANA, jointly and severally, as follows:

a) Award to Plaintiff for payment of all unpaid hours worked up to forty in a week at the full applicable Florida minimum wage rate;

b) Award to Plaintiff liquidated damages equal to the payment of all unpaid hours worked up to forty in a week at the full applicable Florida minimum wage rate or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on December 28, 2021.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
BrockLegalTeam@gmail.com
*Law Office of Robert W. Brock II*
10074 E. Bay Harbor Dr., Ste. 74D
Bay Harbor Islands, FL 33154
Tel.: (305) 781-5030
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 28, 2021**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner

9

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   <u>**s/Robert W. Brock II**</u>
Robert W. Brock II, Esq.
*Attorney for Plaintiff*
